**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Civil Action No. **3:15-CV-148-L** | |
| § | | |
| **ANTHONY E. LONZO, JR.,** § | | |
| § | | |
| Defendant. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the United States' Motion for Default Judgment, filed February 9, 2015. After careful consideration of the motion, appendix, record, and applicable law, the court **grants** the United States' Motion for Default Judgment.

**I.     Background**

The United States ("Plaintiff" or "United States") filed Plaintiff's Complaint ("Complaint") on January 16, 2015, against Anthony E. Lonzo, Jr. ("Defendant" or "Lonzo"). This action arises from the failure of Lonzo to make the required payments on loans he obtained in March 1988 ("1988 loan") and August 1989 ("1989 loan").

The 1988 loan was disbursed for $1,033 on March 28, 1988, at 8.00% interest per annum. The 1988 loan was guaranteed by Higher Education Assistance Foundation and then reinsured by the Department of Education under the loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 *et seq.* (34 C.F.R. Part 682). After demand of payment by the United States, Lonzo defaulted on the loan on August 8, 1997.

The 1989 loan was disbursed for $1,634 on September 11, 1989, at a variable rate of interest to be established annually by the Department of Education. The 1989 loan was guaranteed

**Memorandum Opinion and Order – Page 1**

by Louisiana Office of Student Financial Assistance and then reinsured by the Department of Education under the loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 *et seq.* (34 C.F.R. Part 682). After demand of payment by the United States, Lonzo defaulted on the 1989 loan on January 16, 1997.

Lonzo was served with a copy of the summons and Complaint on March 7, 2015. He was required to answer or otherwise respond to the Complaint by March 30, 2015, 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. To this date, Lonzo has not answered or otherwise responded to the Complaint.

On April 7, 2015, the United States requested the clerk of court to enter a default against Lonzo, and the clerk made an entry of default against Lonzo the same day. Plaintiff now requests the court to enter a default judgment against Lonzo and award it damages and applicable interest as a result of his default.

## II.     Discussion

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Lonzo. The court also finds, based upon the information in the record, that Defendant is not a minor, incompetent person, or member of the United States military.

Lonzo, by failing to answer or otherwise respond to Plaintiff's Complaint, has admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court

**Memorandum Opinion and Order – Page 2**

accepts as true, and the record in this action, the court determines that Lonzo is in default and that the United States is entitled to a default judgment and appropriate damages.

Based on the record, the total amount that Lonzo owed the United States as of July 18, 2014, on the 1988 loan was $2,675.49 ($1,164.27 in principal and $1,511.22 in interest); and the total amount owed on the 1989 loan was $3,553.66 ($1,752.61 in principal and $1,801.05 in interest) for total amount of $6,229.15 on both loans. Interest accrues on the principal at the rate of $.42 per day. The number of days from July 18, 2014, to April 13, 2015, is 269, which results in additional interest in the amount of $112.98. Therefore, the total amount of judgment to which the United States is entitled is **$6,342.13**.

## III.   Conclusion

For the reasons herein stated, the court **grants** the United States' Motion for Default Judgment, and Plaintiff is entitled to and shall recover from Defendant the amount of **$6,342.13**. The court will enter judgment by separate document, as required by Federal Rule of Civil Procedure 58, in the amount stated in favor of the United States.

**It is so ordered** this 13th day of April, 2015.

                                              Sam A. Lindsay
                                              United States District Judge